# In the United States Court of Federal Claims

No. 19-844C
(Filed February 24, 2020)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
PLAINTIFF NO. 1, et al.,         *
                                 *
              Plaintiffs,        *
                                 *
       v.                        *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

Plaintiffs have filed a mostly-unopposed motion to notify potential class members regarding this action brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. *See* Pls.' Mot. for Notice (Pls.' Mot.), ECF No. 24. After review, the Court finds that the unopposed portions of the proposed notice comply with the Supreme Court's requirement that such notices maintain the neutrality of the tribunal with respect to the merits of the claim. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989). Among these unopposed aspects of the proposed notice is a description of the lawsuit which contains the number of plaintiffs who have already joined the suit at the time a first notice is sent. Def.'s Resp. to Pls.' Mot. (Def.'s Resp.), ECF No. 26, at 1.

The parties agree that a second notice may be sent to non-responsive potential plaintiffs, at plaintiffs' expense, one month prior to the deadline for receipt of consent forms. Pls.' Mot. at 3. The sole dispute concerns whether the number of plaintiffs who have already joined the lawsuit should be updated to reflect any changes since the sending of the first notice. Plaintiffs contend this is accurate information which may be important to potential plaintiffs in making "informed decisions about whether to participate." *Id.* at 2–3 (quoting *Hoffman-La Roche*, 493 U.S. at 170).

Defendant opposes this revision of the second notice, stating that our court has "typically approved a second notice, but required that it be identical to the

original notice." Def.'s Resp. at 2 (citing *Doe No. 1 v. United States*, 143 Fed. Cl. 113 117 (2019); *Plaintiff No. 1 v. United States*, 139 Fed. Cl. 440, 443 (2018)). The two cases cited, however, do not reflect any requirement imposed by the court, but rather the adoption of a notice process proposed by the parties in which the second notice happened to be identical to the first. Indeed, defendant concedes that in one of these cases, it later agreed to allow the second notice to be revised to include the number of plaintiffs who had joined. *Id.* at 2 n.1 (discussing *Plaintiff No. 1 v. United States*, No. 18-393C); *see also* Pl.'s Mot. at 2. The other case, however, is among the two instances cited by the government of unsuccessful motions by plaintiffs to change the agreed-upon language in a second notice to recite the exact number of participating plaintiffs rather than merely stating there were "several." *See* Ex. B to Def.'s Resp. (*Doe No. 1 v. United States*, No. 19-152C).

The cases cited by the government concern whether approved notice language should be subsequently changed, and not what that language should be in the first place. Defendant has provided no support for its arguments that language must be identical in both notices, or that a heightened standard such as a "compelling reason" must be met for the second notice to differ from the first. The Court will accordingly review the contested portion of the proposed notice under the factors identified by the Supreme Court, and determine whether the content "is timely, accurate, and informative," and whether it gives "the appearance of judicial endorsement of the merits of the action." *Hoffman-La Roche*, 493 U.S. at 172, 174.

Without question, the exact number of individuals who have chosen to be parties to a lawsuit as of a given date is "timely" and "accurate." The government disputes whether this number is informative, arguing that "[h]ow many plaintiffs have joined this action is irrelevant to the essence of the lawsuit and is not a predicate upon which to allow a revised second notice." Def.'s Resp. at 3. But if the number of plaintiffs in the case has no place in a notice to potential plaintiffs, why did the government agree to include this number in the first notice? And since an exact number will be in the first notice, a second notice with that same number would be inaccurate unless the number had not changed in the interim. The government suggests its own revision to the second notice and would replace the number with "several" or "multiple." *Id.* But such a general term would certainly be less informative than an exact number.

Taking the opposite tack, the government also seemingly argues that use of an exact number would be *too informative*, because an increase in the number from the first to the second notice is designed "to motivate even more putative plaintiffs to join the lawsuit," and thus "inappropriately seeks to encourage plaintiffs to join the lawsuit." *Id.* There are two problems with this argument. First, the number of plaintiffs who have joined in this lawsuit is simply a fact, not a qualitative characterization of the merits of the case. In that regard, the number of plaintiffs participating says far less about the expectations of the parties than does the fact

that a tentative settlement has been negotiated and awaits approval by the Attorney General---a matter which the government has agreed should be contained in the notice.  *See* Pls.' Mot., Ex. A at 2.

The second problem with defendant's position is that it assumes that a change in the number of plaintiffs will necessarily make participation more attractive to potential plaintiffs.  But it may well be that the reason the vast majority of potential plaintiffs do not respond to the initial notice is because the notice was misplaced or overlooked, and thus they will not have it in hand to compare to the second notice.  Moreover, it is possible that some participating plaintiffs may change their mind and seek to withdraw from the lawsuit.  Or the number may increase but modestly in the two months between the two notices.  To date, 12 plaintiffs have filed consent forms to be parties to this case, pursuant to 29 U.S.C. § 216(b).  *See* ECF Nos. 9–10, 15–18, 22–23, 42–43.  Even if that number were to increase significantly before the second notice is sent, a potential plaintiff would not be in a position to assess the relative popularity of the lawsuit without knowledge of the total number of potential plaintiffs---which is something the plaintiffs currently do not even possess.  *Compare* Pls.' Unopp. Mot. for Conditional Cert., ECF No. 19 at 1 (estimating the number of potential class members to be approximately 1,000) *with* Pls.' Reply, ECF No. 28 at 2 n.1 (noting that the government apparently believes the size of the potential class is between 200 and 300).

In light of the foregoing, the Court concludes that the inclusion of accurate numbers for participating plaintiffs in both notices would be informative for the potential plaintiffs but would not constitute improper solicitation of claims.  *See Hoffman-La Roche*, 493 U.S. at 174.  Accordingly, the Court approves plaintiffs' proposed notice and **GRANTS** their motion for notice to potential plaintiffs.

**IT IS SO ORDERED.**

                                                  s/ Victor J. Wolski
                                                  **VICTOR J. WOLSKI**
                                                  Senior Judge